IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JESS L. RAUCH,** | : | |
| | : | |
| **Plaintiff,** | : | CIVIL NO. 3:CV-04-2216 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| **PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

# M E M O R A N D U M

## I.  Introduction

Plaintiff, Jess L. Rauch, an inmate at the State Correctional Institution in Frackville, Pennsylvania, commenced this civil rights action, through counsel, with a complaint filed pursuant to the provisions of 42 U.S.C. § 1983.  Subsequently, Plaintiff filed an amended complaint (Doc. 6).  Named as Defendants are Gateway Rehabilitation Center ("Gateway") and Gateway employees Jana Hammitt and Carol Martin.  Plaintiff alleges that Defendants, acting "under the color of state law" (Doc. 6 at ¶¶ 4-6), violated his constitutional rights by subjecting him to unlawful detention, false imprisonment, unreasonable searches and siezures, malicious prosecution, verbal abuse, and invasion of privacy." (*Id*. at ¶¶ 37, 43, and 45.)  Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, and such other relief deemed appropriate by the Court.

Currently pending are Defendants' motions to dismiss (Docs. 9 and 13) Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6).  The motions have been briefed and they are ripe for decision.  For the following reasons, the motions will be denied, and Defendants will be directed to answer Plaintiff's second amended complaint (Doc. 6).

## II.     Background

On June 8, 2002, Plaintiff, a Pennsylvania Department of Corrections parolee, was arrested as a technical parole violator.  On June 29, 2002, the Pennsylvania Board of Probation and Parole recommitted Plaintiff to a state correctional institution as a technical parole violator.  For the parole violation, Plaintiff was recommitted to ten (10) months incarceration, and he was ordered to participate in and complete the Commonwealth of Pennsylvania's Residential Substance and Abuse Treatment Program ("RSAT Program").  The RSAT Program was designed as "a treatment alternative to the reincarceration of drug and alcohol abusing technical parole violators."  (Doc. 6 at ¶ 14.)  Plaintiff began the RSAT Program at the State Correctional Institution at Camp Hill, Pennsylvania, on August 15, 2002.

Plaintiff alleges that Gateway is a private service provider for the RSAT Program at SCI-Camp Hill, that Jana Hammitt was the RSAT Program director for Gateway, and that Carol Martin was the RSAT Program Counselor for Gateway.  Plaintiff claims that while he was participating in the RSAT Program, Defendant Hammitt became "overly critical of [Plaintiff], going out of her way to treat him differently than the other RSAT patients . . . ."  (Doc. 6 at ¶ 19.)  Further, he states that Hammitt photocopied Plaintiff's journal and shared it with staff and other RSAT patients, "in violation of [] Gateway's Patient Rights Policy" (*Id*. at ¶ 21), and she "attempted to get Mr. Rauch written up [for false misconducts]."  (*Id*. at ¶ 22.)  Plaintiff asserts that Gateway, through Hammitt and Martin, "acted willfully, deliberately, maliciously or with reckless disregard" of Plaintiff's Constitutional and statutory rights (*Id*. at ¶ 35), and Defendants "engaged in the aforesaid conduct for the purpose of violating Mr. Rauch's constitutional rights . . . ."   (*Id*. at ¶ 37.)

### III.    Discussion

#### A.    Motion to Dismiss Standard

Defendants seek dismissal of the complaint under Federal Rule of Civil Procedure 12(b)(6), based upon a contention that the complaint fails to state a claim upon which relief may be granted.  In rendering a decision on a motion to dismiss, the Court must accept the Plaintiff's allegations as true.  *White v. Napoleon*, 897 F.2d 103, 106 (3d Cir. 1990).  In *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996), the United States Court of Appeals for the Third Circuit added that when considering a motion to dismiss, based on a Rule 12(b)(6) argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims."  A motion to dismiss may only be granted if there is no reasonable reading of the facts that would entitle Plaintiff to relief.  *Lum v. Bank of America*, 361 F.3d 217, 223 (3d Cir. 2004).

#### B.    Section 1983 Claim

In order to set forth a viable § 1983 claim, Plaintiff must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that said conduct deprived the Plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000).  Defendants claim that Plaintiff has failed to establish both elements.

Although Defendants claim that they are not state actors, the complaint is clear in its averment that all three Defendants were "acting under the color of state law." (Doc. 6 at ¶¶ 4-6.)  Moreover, while Defendants claim that Plaintiff has not alleged a deprivation of a

3

statutory or Constitutional right by Defendants' conduct, it is clear that Plaintiff contends that the Defendants acted in concert "for the purpose of violating Mr. Rauch's constitutional rights. . . ." (*Id.* at ¶ 37.)

The complaint sets forth a "short and plain statement" of the basis of jurisdiction, the basis of the claim and entitlement to relief, and a demand for judgment, fulfilling the pleading requirements of the Federal Rules of Civil Procedure.  *See* FED.R.CIV.P. 8(a). Nothing more is required, and the averments in the complaint are sufficient to survive Defendants' motions to dismiss.  In *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 513 (2002), the Supreme Court reiterated its holding that "Rule 8(a)'s simplified pleading standard applies to all civil actions . . . ."  Furthermore, the United States Court of Appeals for the Third Circuit has consistently held that nothing more is required in § 1983 cases than the notice pleading requirements of Rule 8.  *Alston v.* Simmon, 363 F.3d 229, 233 (3d Cir. 2004); Abbott *v. Latshaw*, 164 F.3d 141, 149 (1998).   Plaintiff's complaint is only subject to the short and plain statement requirement of Rule 8(a).  *Alston*, 363 F.3d at 334. Accordingly, Defendants' motions to dismiss Plaintiff's complaint will be denied.  An appropriate order follows.


Dated: October 12, 2005                    /s/ A. Richard Caputo
                                                            A. RICHARD CAPUTO
                                                            United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JESS L. RAUCH,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL NO. 3:CV-04-2216** |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| **PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## O R D E R

**AND NOW, THIS 12th DAY OF OCTOBER, 2005**, in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT** Defendants' motions to dismiss (Docs. 9 and 13) Plaintiff's complaint are **DENIED**, and Defendants are directed to answer Plaintiff's second amended complaint (Doc. 6) within twenty (20) days from the date of this Order.

    /s/ A. Richard Caputo
A. RICHARD CAPUTO
United States District Judge